**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION _____/ | No. M 07-1827 SI<br><br>MDL. No. 1827 |
| This Order Relates to:<br><br>*Tech Data Corp. and Tech Data Product Management, Inc. v. AU Optronics Corp., et al.*, C 11-5765 SI<br><br>*Office Depot, Inc. v. AU Optronics Corp., et al.*, C 11-2225 SI<br><br>*Interbond Corp. of America v. AU Optronics Corp., et al.*, C 11-3763 SI _____/ | **ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS RE: DEFENDANTS' DOWNSTREAM PASS-ON AFFIRMATIVE DEFENSE** |

Plaintiffs[1] bring this motion for Partial Judgment on the Pleadings under Fed. R. Civ. P. 12(c) in Respect of Defendants' Downstream Pass-on Affirmative Defense. The matter is scheduled for a hearing on February 8, 2013. Pursuant to Civil Local Rule 7–1(b), the Court determines that this matter is appropriate for resolution without oral argument, and VACATES the hearing. For the reasons set forth below, the Court hereby DENIES the motion. Master Docket Nos. 7086 and 7108.

Plaintiffs purchased finished products containing TFT-LCD panels ("LCD products") and resold those products to subsequent purchasers. Plaintiff Tech Data is a distributor which purchased LCD products indirectly and resold them to customers. Tech Data First Amended Complaint, ¶¶ 19-20. Plaintiffs Office Depot and BrandSmart allege purchases of LCD products both directly and indirectly,

---

[1] Plaintiffs Tech Data Corp. and Tech Data Product Management, Inc ("Tech Data"), No. C-11-5765 SI, filed this motion on November 2, 2012. *See* Docket No. 7086. On November 6, 2012, plaintiffs Office Depot, Inc. (No. C-11-2225 SI) and Interbond Corp.of America ("Brandsmart") (No. C-11-3763 SI) filed joinders in Tech Data's motion. Accordingly, this Order applies to all of them.

and seek to recover damages for both types of purchases. Office Depot First Amended Complt, ¶ 19, BrandSmart First Amended Complt, ¶ 20. Plaintiffs assert state law indirect purchaser claims under the Florida Unfair and Deceptive Trade Practices Act ("FDUTPA"). In response, Defendants have asserted a downstream pass-on defense.

In this motion, Plaintiffs move for a partial judgment on the pleadings under Fed. R. Civ. P. 12(c), seeking to dismiss Defendants' downstream pass-on defense to the FDUTPA claim. Plaintiffs argue that the FDUTPA does not provide for a downstream pass-on defense, and that Florida case law measures damages under the FDUTPA solely at the time of the date of delivery and precludes consideration of any consequential effects of the violation in determining damages. Plaintiffs cite to a number of cases addressing how damages are measured, and argue that the case law is clear that the FDUTPA computes damages according to a "benefit of the bargain" analysis -- that is, the difference between the actual value of the product or service that was delivered without the violation and its value with the violation. As a result, Plaintiffs argue, Defendants' downstream pass-on defense is precluded.

Defendants argue that the plain text of the statute, requiring a plaintiff to prove it suffered a "loss" and allowing recovery only for its "actual damages," does not preclude a downstream pass-on defense. Defendants assert that consideration of downstream pass-on relates directly to whether, and to what extent, plaintiffs suffered "loss" and "actual damages." Opposition at 1. Defendants challenge the relevance of plaintiffs' cited cases, which dealt with FDUTPA damages in defective goods cases, but assert that even considering damages in that context, evidence regarding downstream pass-on is relevant to a determination of whether plaintiffs received the value of the goods it purchased from suppliers. Defendants cite to *In re Florida Cement and Concrete Antitrust Litig.*, 746 F.Supp.2d 1291, 1330-22 (S.D. Fla. 2010) as the only reported case that directly considers the issue of pass-on in the context of a price-fixing claim brought under the FDUTPA. In *Florida Cement*, the court dismissed plaintiffs' FDUTPA claim because plaintiffs had not sufficiently pled facts to allege they had suffered harm. The court noted plaintiffs' failure to "allege sufficient information about what particular products were purchased from which Defendants, or whether the particular indirect purchasers absorbed the alleged price increases or passed them on to their customers." 746 F.Supp.2d at 1322. Defendants contend this case establishes that information regarding the extent to which plaintiffs passed on or

absorbed the overcharge is "essential to establish the loss and actual damages elements." Opposition at 5.

The Court concludes that judgment on the pleadings under Fed. R. Civ. P. 12(c) is not proper in this instance. Accepting as true Defendants' allegations of fact and construing these allegations in the light most favorable to Defendants, as this Court is required to do, the Court finds that Plaintiffs have not established, on the face of the pleadings, that no material issue of fact remains to be resolved, and that it is entitled to judgment as a matter of law. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir.1990); *see also Gen. Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir.1989) ("if the defendant raises an affirmative defense in his answer it will usually bar judgment on the pleadings"); *Lee v. Port of Oakland,* 2010 WL 3746451, at *1 (N.D. Cal. 2010) (finding that raising an affirmative defense in an answer will usually bar judgment on the pleadings (citing *Seventh-Day Adventist*, 887 F.2d 228 (9th Cir. 1989)). There is no clear Florida case law precluding the pass-on defense under the FDUTPA, and the applicability of the consequential damages/lost profits cases, in other contexts, is unclear. Florida courts have not addressed this issue or how "loss" or "actual damages" would be calculated in the context of price-fixing cases under the FDUTPA. Accordingly, the Court finds that plaintiffs are not entitled to judgment as a matter of law on the issue of downstream pass-on, and Plaintiff's motion is DENIED. Docket Nos. 7086 and 7108.

**IT IS SO ORDERED.**

Dated: February 6, 2013

SUSAN ILLSTON
United States District Judge

3